Key City Gas Light Co. v. Munsell.

---

THE KEY CITY GAS LIGHT COMPANY v. MUNSELL et al.

1. Injunction: CLOUD UPON TITLE. A court of equity will interpose by injunction to prevent a cloud being cast upon the title to real estate by a sale thereof, under execution against a party not the owner; when it is shown that such property is not subject to the satisfaction of the judgment under which the execution issued.

The Key City Gas Light Co. v. Munsell.

—— That the levy was made upon the "right, title and interest" of the judgment defendant makes no difference.

*Appeal from Dubuque District Court.*

FRIDAY, OCTOBER 13.

CLOUDS ON TITLE: REMEDY IN EQUITY. — This is an appeal from an order of the District Court, refusing to dissolve an injunction.

The petition in substance alleges: That the defendant Munsell, is a judgment creditor, not of the plaintiff, but of the *Dubuque* Gas Light and Coke Company, and has issued an execution and caused the same to be levied on lots 598 and 598a, in the city of Dubuque, and advertised them for sale under the execution. "That said judgment, on which said execution issued, is not and never was a lien on said property. That although said property was once owned by the Dubuque Gas Light and Coke Company, yet the said company was divested of the title to said property before the rendition of the said judgment in favor of Munsell, and at the time said execution was issued and levied, the plaintiff (The Key City Co.), was the owner of the property in fee simple. That if said property is permitted to be sold under said execution, a cloud will thereby be cast upon the title and the plaintiff is and will be remediless at law to remove such cloud; wherefore, he prays an injunction to restrain the execution sale; that it be made perpetual; that the judgment be declared no lien on the property, and Munsell barred from enforcing it against the same, and for general relief." The execution was levied upon "all of the right, title and interest of the Dubuque Gas Light and Coke Company, in and to said lots."

The defendants moved to dissolve or vacate the injunction, which was granted, because the petition and execution

proceedings do not show sufficient grounds for the inter-position of a court of equity. The motion being denied, the defendants excepted and have prosecuted this appeal to obtain a reversal of this ruling of the District Court.

*Adams & Robertson* and *F. C. Roberts* for the plaintiff.

*Monroe & Deery* for the defendants.

DILLON, J. — The cases are not entirely accordant, respecting the circumstances under which equity will inter-

1. INJUNC-TION : cloud upon title. fere to prevent a cloud upon the title to real estate, or to remove the cloud, if one has been already cast. But the principle which should govern in these cases is clear. A man has no right, wrongfully, to sell any land upon an execution against another. If the averments of the petition in this case 'are true, and they are to be so regarded upon this appeal, it is clear that the sheriff has no right to sell the lots to satisfy the Munsell judgment.

By making the levy and advertisement, Munsell asserts that the property is subject to sale to pay his judgment. Here there is a controversy between the parties. If the petition be true, and Munsell is allowed to make the sale and afterwards to · acquire a sheriff's deed, he will obtain no title; and so, if a third person buys, he will pay his money but get nothing for it. Although such a sale would not divest the plaintiff of his title, it would never-theless cloud the same. Is this not so? If the petition is true and the sheriff's sale is allowed to be made, is not the plaintiff injured? Certainly he is; and in this way: he could not as readily sell his property as if the wrongful sale had not taken place. And after it was made, he would, in order to clear off his title, be compelled to file a petition in equity, or resort to the special proceeding

pointed out by statute (Rev., § 3602): or if the purchaser acquired possession, an action of ejectment. It is far better for *both* parties that the disputed question, as to the liability of the land to sale on the execution, should be settled *in limine*, before sale.

If it is thus settled that the land is not subject to the judgment, the plaintiff's title will not be clouded by a sale and future litigation is prevented. If it is thus previously determined that the land is subject to the judgment, all uncertainty is at an end, and there is no longer any groping in the dark. The owner of the land then *knows* of this liability and just what it will require to relieve the land from it. If he does not redeem, and allows a sale to take place, the parties know, and bidders know, just what is to be sold, and will bid understandingly. Property will not sell for any considerable proportion of its value, if at the time of the sale, it is uncertain what title, if any, will be acquired. If the execution plaintiff is "permitted," to use the language of Chancellor KENT, in a case similar in principle to the one before us, "to sell that which is doubtful and unknown, who would buy?" or, if a purchaser could be found, it would be only one who would buy on speculation or at a nominal price. *Kimberly* v. *Sells*, 3 Johns. Ch., 467, 471. On this principle it is that courts of equity will interfere, in many cases, to prevent a trustee of lands from selling while clouds are hanging over, or disputes concerning the title exist, which would prevent a sale at the full or fair value of the property. 2 Am. Law Reg. (N. S.), 732, and authorities there collected. It is our opinion, that the ruling of the District Court was correct. In support of it, see Story Eq. Juris., §§ 700, 701, 705; *Kimberly* v. *Sells, supra; Norton* v. *Beaver et al.* (holding, "that chancery would prevent a sale on execution where no title could be conferred"), 5 Ohio, 179, affirming *Bank* v. *Shultz*, 2 Id., 471; 4 Id., 88; 16 Id., 574;

*Pettit* v. *Shepherd,* 5 Paige Ch., 483, and cases there cited; *Radcliff* v. *Rowley,* 2 Barb Ch., 23; *Van Doran* v. *Mayor of New York,* 9 Paige, 388; *Litchfield* v. *The County of Polk; Macklott* v. *City of Davenport,* 17 Iowa, 379.

Where the sale relates to personal property, the owner may often have a remedy by replevin, or at law. But it is otherwise in cases concerning sales of real estate: here the preventive remedy must be by injunction or bill in equity. If the foregoing views are correct, it makes no difference that the levy was only upon the "right, title and interest" of the plaintiff in the property.

Affirmed.