## HYATT v. MATTINGLY.

STATUTE OF LIMITATIONS.—*Actions to be Brought within Twenty Years.*— *Covenants in Deed.*—*Contract.*—Under clause 5 of section 211 of the practice act, 2 R. S. 1876, p. 122, an action upon a covenant of warranty contained in a deed, and upon a separate written agreement signed by the grantor, binding him to save the grantee harmless from any disturbance of his title to the land conveyed, by certain named heirs, may be commenced within twenty years. The limitation of fifteen years provided in section 212 of the practice act is not applicable in such case.

PLEADING.—*Uncertainty in, how Reached.*—Where a pleading states sufficient facts, any uncertainty in the allegations thereof is not reached by demurrer, but by a motion to make more certain.

SUPREME COURT.—*Practice.*—*Causes for New Trial.*—*Assignment of Errors.* —Causes for a new trial are not assignable as errors in the Supreme Court, and when so assigned present no question to that court for decision.

SAME.—*Excessive Damages.*—Causes assigned for a new trial, that the finding of the court was not sustained by sufficient evidence, and that it was contrary to law, present no question in relation to the amount of the recovery or excessive damages, to either the circuit or Supreme court. That question is only raised by the fifth statutory cause, 2 R. S. 1876, p. 180, sec. 352.

SAME.—*Weight of Evidence.*—The Supreme Court will not disturb the finding below on the mere weight of evidence.

From the Daviess Circuit Court.

*W. Armstrong,* —— *Kercheval* and *J. W. Burton*, for appellant.

*W. D. Bynum* and *A. J. Padgett*, for appellee.

HOWK, J.—This was a suit by the appellee against the

appellant, in a complaint of two paragraphs. The first paragraph of the complaint counted upon a warranty deed, executed by the appellant and his wife to the appellee, on the 9th day of September, 1857, wherein and whereby it was alleged that the appellant and his wife had, on the day, month and year last named, conveyed and warranted to the appellee, for the sum of two thousand dollars, the receipt of which was thereby acknowledged, the undivided nine-tenths part of two parcels of real estate, particularly described, containing in the aggregate eighty-nine and twenty-hundredths acres, in Daviess county, Indiana; and the appellee alleged, in detail and at great length, certain facts which showed in legal effect that the appellant had broken his covenants of warranty, as contained in his deed to the appellee, in this, that he had not warranted and defended the title to the said undivided interest in said real estate, to the appellee and his assigns, against all lawful claims, but he and they had been evicted therefrom by lawful process, to the appellee's damage in the sum of two thousand dollars. Wherefore, etc.

In the second paragraph of his complaint, the appellee sued upon a written contract or agreement, of even date with the deed described in the first paragraph, executed by the appellant to the appellee, of which the following is a copy:

"Whereas I have this day, by deed bearing even date herewith, sold to Augustine Mattingly the undivided $\frac{9}{10}$ths of the following described land, in Daviess county, to wit:" (Here follows the description of the same land conveyed by the deed sued on in the first paragraph of the complaint,) "for the sum of two thousand dollars. And whereas the conveyance of the right and interest of two of the heirs, out of the nine which I hold, can not be found. Therefore, in case said Augustine Mattingly

should ever be troubled by either of said heirs, except one by the name of Burrows, I obligate myself to pay for their respective interests, and save the said Mattingly harmless, without resorting to his warranty in the deed. Witness my hand this 9th day of September, A. D. 1857.

(Signed,)                    " ELISHA HYATT."

It was alleged, in substance, in this second paragraph of the complaint, that one of the heirs referred to in said agreement had sued for and recovered an interest in said real estate, and evicted the appellee's assigns therefrom ; that, by means of the premises, the appellee had been damaged in the sum of fourteen hundred dollars, and that the appellant had not complied with his said contract or agreement, in this, that he had not saved the appellee harmless from the aforesaid damages. Wherefore, etc.

To the appellee's complaint, the appellant answered in five paragraphs, of which the first was a general denial of the complaint, and each of the other four paragraphs stated affirmative or special matters, by way of defence. The appellee's demurrers to the second and third paragraphs of answer, for the want of sufficient facts therein as alleged, were sustained by the court, and to these decisions the appellant excepted. To the fourth and fifth paragraphs of answer the appellee replied, putting the case at issue.

The cause was tried by the court, and a finding was made for the appellee, assessing his damages in the sum of eight hundred and sixty-three dollars and twenty-five cents, and judgment was rendered accordingly. The appellant's motion for a new trial was overruled by the court, and to this ruling he excepted, and appealed from the judgment rendered to this court.

He has here assigned, as errors, the following decisions of the court below :

VOL. LXVIII.—18

1. In sustaining the demurrers to the second and third paragraphs of his answer;

2. In permitting the appellee to read in evidence the notice to the appellant, as set forth in the bill of exceptions; and,

3. In overruling his motion for a new trial.

We will consider and decide the several questions presented by or arising under these alleged errors, in the order of their assignment.

1. The second paragraph of the appellant's answer was addressed to the first paragraph of the complaint, and the third paragraph of said answer was directed to the second paragraph of the complaint. In each of said paragraphs of answer, the appellant alleged that the supposed cause of action, stated in the paragraph of complaint to which it was addressed or directed, did not accrue within fifteen years next before the commencement of this suit. It is certain, we think, that the court committed no error in sustaining the appellee's demurrers to the second and third paragraphs of the appellant's answer. The appellee's causes of action, as stated in his complaint, were both, as we have seen, "upon contracts in writing;" and, in the fifth clause of section 211 of the practice act, it is provided that actions "upon contracts in writing" shall be commenced within twenty years "after the cause of action has accrued, and not afterwards." 2 R. S. 1876, p. 122. The contracts in writing, sued upon in this case, were dated on the 9th day of September, 1857; and the record shows that this suit was commenced on the 3d day of September, 1877. Assuming that the appellee's causes of action accrued on the day of the date of the written contracts in suit, and they certainly did not accrue before that day, it will be seen that this suit was commenced within twenty years, the period of limitation fixed by the statute, within which actions "upon contracts in writing" must be com-

menced. The limitation of fifteen years, provided in section 212 of the practice act, for " all actions not limited by any other statute," is not applicable to the case at bar, and, therefore, the demurrers to the second and third paragraphs of the appellant's answer were correctly sustained. 2 R. S. 1876, p. 124.

But it is insisted by the appellant's counsel that the demurrers to these paragraphs of answer search the record, and ought to have been sustained to the appellee's complaint. In support of this position, counsel have directed our attention to certain defective and indefinite allegations in each paragraph of the complaint. As to some, and perhaps as to all, of these defective and uncertain allegations, we have no doubt the court below would, on proper motions to that end, have required the appellee to make the same more certain and specific. But the objections of counsel to each paragraph of the complaint, as it seems to us, are all of that kind which can not be reached by a demurrer for the want of facts, but only by a motion or motions to make more specific. The paragraphs of the complaint are each too long to be set out in this opinion, but we have carefully examined them, with special reference to the objections of the appellant's counsel thereto. We are clearly of the opinion that each paragraph of the complaint stated facts sufficient to withstand a demurrer for the want of facts, and to constitute a cause of action against the appellant.

2. The second alleged error is purely and simply a cause for a new trial, an alleged error of law occurring at the trial, in the admission of alleged incompetent evidence. Causes for a new trial are not assignable, as errors, in this court, and, when they are thus assigned, they present no question for our decision. *Freeze* v. *DePuy*, 57 Ind. 188 ; *Walls* v. *The Anderson, etc., R. R. Co.*, 60 Ind. 56 ; and *Fisher* v. *The State, ex rel.*, 65 Ind. 51.

3. The causes assigned for·a new trial, in the appellant's motion therefor, were, that the finding of the court was not sustained by sufficient evidence, and that it was contrary to law. The record shows, we think, that an abundance of legal evidence, tending to sustain the material averments of each paragraph of the complaint, was introduced on the trial. . This was sufficient. We can not weigh the evidence ; and the rule is settled that this court will not disturb the finding below on the mere weight of evidence. *Swales* v. *Southard*, 64 Ind. 557 ; and *The Fort Wayne, etc., R. R. Co.* v. *Husselman*, 65 Ind. 73.

We find no error in the record of this cause.

The judgment is affirmed, at the appellant's costs.


## ON PETITION FOR A REHEARING.

HOWK, C. J.—An earnest and elaborate petition for a rehearing of this cause has been filed in this court by the appellant's learned counsel, and is now before us. The only point made in this petition is, that, in the original opinion in this case, this court omitted to or did not fully consider the question "in regard to the amount of the judgment rendered in favor of the appellee in the court below." That question was not and is not presented to this court by any error assigned by the appellant on the record of this cause. Therefore, we did not consider the question in the original opinion, and, therefore, it can not now be considered.

"Error in the assessment of the amount of recovery, whether too large or too small, where the action is upon a contract," as in this case, is the fifth statutory cause for a new trial, as stated in section 352 of the practice act. 2 R. S. 1876, p. 180. This cause for a new trial, or the kindred of " excessive damages," the fourth statutory cause, must be assigned in the motion for a new trial, as cause

therefor,. addressed to the trial court, in order that a question in regard to the amount of recovery or judgment may be properly saved in the record, and presented to this court.

In the case at bar, as stated in the original opinion, the only causes for a new trial, assigned by the appellant in his motion therefor, were, that the finding of the court was not sustained by sufficient evidence, and that it was contrary to law. This court has often decided, and we adhere to those decisions, that these causes for a new trial will present no question in relation to the amount of the recovery or excessive damages, for the consideration and decision either of the circuit court or of this court. *Spurrier* v. *Briggs,* 17 Ind. 529 ; *Floyd* v. *Maddux, ante,* p. 124.

The petition for a rehearing of this cause is overruled.