Shappendocia *v.* Spencer *et al.*

No. 6450.

SHAPPENDOCIA *v.* SPENCER ET AL.

PLEADING.—*Practice.*—*Replevin.*—*Lien.*—Where, in an action for the recovery of personal property, the answer averred that "on said ——day of ——, 1876," the defendant acquired a lien thereon, an objection that

Shappendocia *v.* Spencer *et al.*

such answer fails to show when the lien accrued cannot be reached by a demurrer for want of facts, but by a motion to make more specific.

SAME.—*Notice of Sale.*—In such case, neither the notice of the time and place of the sale of the property, under such lien, nor a copy thereof, is a necessary part of the answer.

LIVERYMAN'S LIEN.—*Requisites of Notice of Sale Under.*—Notice of the time and place of the sale of property by a liveryman, to satisfy his lien thereon, if the value thereof is ten dollars or more, is sufficient if given by publishing the same three weeks successively in a newspaper in the county.

SAME.—Notice that a sale will be made "on the —— day of ——, 1877," is not a notice of the time and place of sale.

SAME.—*Invalid Sale.*—Where, in such action, the answer shows that the defendant has a valid lien under the statute on the property sold, it is sufficient without regard to the validity of the sale.

From the Grant Circuit Court.

*J. F. McDowell, G. L. McDowell, A. Steele* and *R. T. St. John*, for appellant.

*I. Van Devanter* and *J. W. Lacey*, for appellees.

HOWK, J.—This was a suit by the appellant, against the appellees, to recover the possession of one bay mare, aged about 8 years, of the value of $150, of which mare the appellant alleged, in his complaint, that he was the owner and entitled to the possession, and that the appellees had possession thereof without right and unlawfully detained the same from him ; wherefore he demanded judgment for the recovery of said mare, and damages for the detention thereof.

To the appellant's complaint the appellees answered specially in a single paragraph, to which the appellant demurred for the alleged insufficiency of the facts therein to constitute a defence to his action, which demurrer was overruled by the court, and to this ruling he excepted. The cause was put at issue and tried by the court, and a finding was made that the appellees were the owners of the mare in controversy, of the value of $125, and that the said mare should be returned to them. The appellant's motion for a new trial having been overruled, and his exception duly saved

to this decision, the court rendered judgment for the appellees upon and in accordance with its finding.

In this court the appellant has assigned as errors the following decisions of the circuit court:

1. In overruling his demurrer to the appellees' answer ; and,

2. In overruling his motion for a new trial.

The principal questions presented for the decision of this court, in this case, arise under the alleged error of the trial court in overruling the appellant's demurrer for the want of facts, to the appellees' answer. In their answer the appellees alleged, in substance, that on the — day of ———, 1876, and for —— months prior thereto, they were doing business as livery-stable men in the town of Marion, in Grant county, Indiana, under the firm name and style of Spencer & Barnard ; that on said —— day of ——, 1876, the appellees had acquired a lien upon the said mare, in appellant's complaint mentioned, for feed and care bestowed by them, as said livery-stable men, on and about said mare, in said Grant county, at the appellant's request, in the sum of $158.20 ; that, for the purpose of enforcing their said lien, on the —— day of ——, 1876, and for three successive weeks subsequent thereto, the appellees caused to be published in the Marion Chronicle, a newspaper of general circulation published in said county, a notice that they would cause said mare to be sold at public sale to the highest bidder, on the —— day of ——, 1877, at the stables of the said Spencer & Barnard, in the town of Marion, in said county ; that on said —— day of ——, 1877, and in all respects pursuant to said notice, the appellees caused said mare to be offered at public sale ; that at said sale the appellees, among others, became bidders, bidding for said mare the sum of ——, which being the highest and best bid that could be obtained, the said mare was sold to the appellees for the said sum of $105, and thereby became and still was the property of the appellees. Wherefore they de-

manded judgment for the return of the property, and for seventy-five dollars damages for the detention thereof, and for other proper relief.

In discussing the sufficiency of the answer, in their brief of this cause, the appellant's counsel say : "Our first objection to this answer is, that it does not contain any showing of the time when the lien accrued." We suppose that counsel intended to object to the answer, on account of the blanks therein as to the month and day, on which the lien accrued. On this point the allegation in the answer is, "that on said —— day of ——, 1876, defendants had acquired a lien upon said mare," etc. This style of pleading is, we think, a proper subject of criticism. But the appellant's first objection to the answer is one that could not be reached by his demurrer thereto, for the want of facts. The answer showed, that the lien accrued in or during the year 1876 ; and if the appellant deemed it necessary that the answer should further show the month and day in that year, his only remedy, if any, was a motion for an order requiring the appellees to make their answer more specific in those particulars. *Hyatt* v. *Mattingly*, 68 Ind. 271.

The appellant's counsel also object to the sufficiency of the answer upon the ground that the notice or advertisement of the time and place of the sale of the mare, mentioned in the answer, was not made a part thereof. The notice or advertisement was not, in any proper sense, the foundation of the appellees' defence, and it was not necessary that the notice, or a copy thereof, should be made a part of their answer. They averred therein, with sufficient certainty, what the notice contained, and that was all that it was necessary to aver in that regard. But it is claimed that the answer was bad because it did not show that copies of the notice or advertisement had been set up for ten days, in three public places in the township where the appellees resided, one of which was in some conspicuous part of their

place of business. The act of January 27th, 1853, giving the keepers of livery-stables, etc., engaged in feeding horses, etc., a lien upon such property, for the feed and care bestowed by them upon the same, provides that they shall have the same rights and remedies, as were provided in "An act concerning liens of mechanics, merchants and others," approved May 20th, 1852. On the subject of the sale of the property by the party who had acquired a lien thereon, it was provided in section 2 of the said act of May 20th, 1852, that, before such sale, such party should give public notice of the time and place thereof, by advertisements set up for ten days in three public places, in the city or township where he resided, one of which should be in some conspicuous part of his shop, or place of business; "or if the value of the article be ten dollars or more, then by publishing the same three weeks successively in a newspaper in the county, if any." 2 R. S. 1876, p. 335, sec. 2.

It seems to us that under this section, where, as in this case, the value of the property is ten dollars or more, the notice of the time and place of the sale thereof must be given "by publishing the same three weeks successively in a newspaper in the county, if any," and need not be given otherwise. If, however, the sufficiency of the appellees' answer had been dependent upon the validity of the notice, as stated in the answer, we would have been constrained to hold the answer bad, on the demurrer thereto for the want of facts; for a legal notice that a sale will be made "on the —— day of ——, 1877," is simply no notice at all of the time and place of sale. But the answer stated facts to show that the appellees had acquired a valid lien under the statute on the appellant's mare, and this was a sufficient defence to the action, without regard to the validity of the sale.

The answer is indefinite and uncertain in its allegations of fact; but, as we have already said, these objections to the answer could only be reached by a motion to make it more

specific, and not by a demurrer for the want of facts. *Holcraft* v. *Mellott*, 57 Ind. 539. We are of the opinion that the court did not err in overruling the demurrer to the answer.

The evidence is not in the record, and no question is presented for the decision of this court, by the alleged error of the circuit court, in overruling the motion for a new trial. Besides, as this supposed error is not even alluded to in the brief of the appellant's counsel, it must be regarded as waived.

The judgment is affirmed, at the appellant's costs.