First National Bank of Knightstown *et al. v.* Deitch.

No. 8397.

First National Bank of Knightstown et al. *v.* Deitch.

PLEADING.—*Blanks.—Injunction.—Execution.*—Where, in a suit to enjoin the sale of the plaintiff's lands upon an execution against another, the complaint, by reason of dates being in blank, fails to show that the lands are not subject to the execution, it is bad on demurrer.

SAME.—*Practice.*—Where blanks in a pleading make it merely uncertain, the remedy is by motion to make more certain; but where they leave the pleading without such a statement of essential facts as will make it good, a demurrer lies.

From the Henry Circuit Court.

*C. D. Morgan* and *M. E. Forkner*, for appellants.

*J. H. Mellett, E. H. Bundy, D. W. Chambers* and *W. O. Barnard*, for appellee.

FRANKLIN, C.—Appellee Caroline Deitch commenced a suit against appellants Hiram R. Minor and the First National Bank of Knightstown, to enjoin said Minor, as sheriff of said county, from selling certain lands, claimed by her, upon an execution on a judgment against her husband and others, and in favor of said First National Bank.

By agreement, a temporary injunction was granted until a final hearing of the case.

A demurrer was overruled to the complaint.

Appellants answered by alleging that appellee claimed the land by a fraudulent deed from her husband, through a third party as trustee. A demurrer was overruled to the answer, and a reply in denial filed. Trial by jury, and verdict for appellee. Motion for a new trial overruled, and judgment for appellee.

The following alleged errors have been assigned in this court:

1. The complaint does not state sufficient facts.
2. Overruling the demurrer to the complaint.
3. Overruling the motion for a new trial.

The first two specifications present the same question, as to the sufficiency of the complaint.

The complaint reads as follows : " Caroline Deitch, plaintiff, complains of Hiram R. Minor, sheriff of Henry county, Indiana, and the First National Bank of Knightstown, Indiana, defendants, and says that she is, and has been since the — day of —, 187–, the owner of the following described real estate, to wit: The east half of the northwest quarter of section thirty-three, township seventeen north, range nine east, in Henry county, Indiana ; and that on the — day —, 1878, the bank aforesaid obtained a judgment in the Henry Circuit Court, and State aforesaid, at the February term, 1878, against Daniel H. Stafford, William Saint and Stephen Deitch, and that said plaintiff was in no way responsible for the debt on which said judgment was obtained ; and that on the — day of ——, 187–, by order of said bank, execution issued from the clerk of said court to the said sheriff of Henry county, Indiana, upon said judgment, and that the said sheriff proceeded to levy upon the land heretofore described, belonging to the plaintiff, and that said sheriff is threatening to sell said land, and has advertised the same for sale on the 22d day of February, 1879 ; and plaintiff further says, that if said sale is allowed to proceed, it will cast a cloud upon her title. Wherefore she prays that said defendants be perpetually enjoined from selling the same ; and plaintiff further asks that a temporary injunction be granted until the final hearing of said cause."

The first objection to this complaint is, that it does not show color of right in the sheriff to make the levy and sale, or color of right to the property in question in the person against whom the execution is directed.

We think it does show color of right in the sheriff ; it alleges a judgment and an execution thereon in the hands of the sheriff, and we do not think it necessary that it should show color of title to the lands in the execution defendant.

High on Injunctions, vol. 1, p. 242, section 372, says : " The jurisdiction by injunction to prevent a cloud upon title is

closely analogous to the well settled jurisdiction of courts of chancery for the removal of cloud upon title; and the reasoning which supports the jurisdiction in the latter case would seem to apply with equal if not greater force in thê former. It seems, therefore, to follow as a necessary consequence that if the aid of equity may be invoked to remove a cloud upon title to realty, it may with equal propriety be exerted to enjoin such illegal acts as will necessarily result in a clouded title. And it may be asserted as a general proposition, that a sale of lands under execution, which would confer no title upon the purchaser, and whose only effect would be to cloud the title of others, will be enjoined."

And the following authorities are cited in support thereof: *Bank of U. S.* v. *Schultz*, 2 Ohio, 471; *Norton* v. *Beaver*, 5 Ohio, 178; *Christie* v. *Hale*, 46 Ill. 117; *Bennett* v. *McFadden*, 61 Ill. 334; *Vogler* v. *Montgomery*, 54 Mo. 577; *Uhl* v. *May*, 5 Neb. 157; *Key City, etc., Co.* v. *Munsell*, 19 Iowa, 305; *Pixley* v. *Huggins*, 15 Cal. 127; *Pettit* v. *Shepherd*, 5 Paige, 493 (28 Am. Dec. 437); *Oakley* v. *Trustees, etc.*, 6 Paige, 262.

In the case in 19 Iowa, 305, *supra*, it was held that it was not necessary that the sale should divest complainant of any title, to warrant equity in interfering; it is sufficient that it simply operates to cloud his title. The reasons therein given are, that the sale of the lands by the sheriff, as belonging to another, would create a cloud upon the title, which would injure the sale of the lands in the hands of complainant; and where there was a dispute in relation to the title, it is better to have that dispute settled before the sale, so that the purchaser may know what he is buying. We think these reasons are satisfactory for the interference of a court of chancery before the sale.

The same doctrine has been held by this court in the case of *Davis* v. *Clark*, 26 Ind. 424. In that case this court sustained the ruling of the court below in overruling the demurrer to the complaint, which showed that the property levied upon was not the property of the execution defendant,

and that no title whatever would pass to the purchaser at the sheriff's sale.

The second objection to the complaint is, that it does not show that the land in controversy is not subject to the judgment and the execution thereon sought to be enjoined.

The allegations of the complaint are, that on the — day of ———, 187—, she was and ever since has been the owner of the land in controversy; that on the — day of ———, 1878, the bank obtained its judgment; and on the — day of ———, 187—, the execution was issued.

Where dates are not essential to the right of action, blanks may be required to be filled by a motion to make more specific. If they are essential to the validity of the cause of action, a demurrer will be sustained on account of their being left blank. *Shappendocia* v. *Spencer*, 73 Ind. 128; *Hyatt* v. *Mattingly*, 68 Ind. 271; *Holcraft* v. *Mellott*, 57 Ind. 539; *Cox* v. *Hunter*, 79 Ind. 590.

In the case at bar the judgment was rendered on the — day of ———, 1878. Plaintiff became the owner of the land on the — day of ———, 187—.

This may have been before or after the rendition of the judgment. The "— day of ———, 187—," extends from the first day of January, 1870, to and inclusive of the last day of December, 1879. And, while there may not be any legitimate presumption that the execution defendant owned the land at the date of the judgment, still the plaintiff can not make a good cause of action upon the existence or non-existence of presumptions; but she must show, by affirmative allegations, that she has a good cause of action. And, before she can maintain an injunction suit, she must clearly show that she is entitled to the relief prayed for. The allegation, that she was in no way liable for the debt, is not equivalent to saying that the land was in no way subject to the debt, that the judgment held no lien upon the land, or that the execution defendant had no interest in the land at the date of the judgment nor since. For aught that appears in the com-

plaint, some of the judgment defendants may have owned the land at the date of the judgment. There is nothing in the complaint inconsistent with the execution being a lien upon the land. If parties leave necessary dates blank, they must suffer the consequences.

The complaint does not state sufficient facts to constitute a good cause of action for an injunction.

The court below erred in overruling the demurrer to the complaint, for which error the judgment must be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be and the same is in all things reversed, at appellee's costs, and that the cause be remanded, with instructions to the court below to sustain the demurrer to the complaint, and for further proceedings.