No. 9032.

WRIGHT *v.* WILLIAMS.

PLEADING.—*Uncertainty in Complaint.*—*Demurrer.*—An objection to a complaint or other pleading, on the ground of uncertainty, can not be reached by demurrer for the want of sufficient facts; but such an objection, if it exist, can only be reached by a motion to make the same more certain and specific.

PRACTICE.—*Judgment non Obstante Veredicto.*—*Judgment on Special Findings.*—*Motions.*—A motion for judgment *non obstante veredicto* is a motion for judgment on the pleadings without regard to the verdict, and differs entirely from the motion for judgment on the special findings of the jury, notwithstanding the general verdict. A ruling on the former motion will present no question for decision which ought to have been saved and presented by a ruling on the latter motion.

SAME.—*Objection to Evidence.*—*Supreme Court.*—Where the record does not show that the party objecting to the admission of evidence pointed out the grounds of his objection to the trial court, the question of its admissibility will not be considered by the Supreme Court.

SAME.—*Husband and Wife.*—*Competency of Witness.*—Under the amendatory act of March 15th, 1879 (Acts 1879, p. 245), defining the competency of witnesses, the wife of a party was a competent witness in his behalf.

SAME.— *Weight of Evidence.*—The Supreme Court will not disturb the verdict of a jury on the weight of evidence.

From the Cass Superior Court.

*W. S. Wright, H. C. Thornton* and *W. W. Thornton,* for appellant.

*M. D. Fansler,* for appellee.

HOWK, J.—This was a suit by the appellee against the appellant and Amos B. Keeport upon an injunction bond. The cause was put at issue and tried by a jury, and a general verdict was returned for the appellee, assessing his damages in the sum of $150. Over the appellant's motions for judgment *non obstante veredicto,* for a new trial, and in arrest of judgment, in the order named, and his exceptions saved, the court rendered judgment for the appellee on the general verdict.

The first error assigned by the appellant in this court is the decision of the trial court in overruling his demurrer to appellee's complaint. Under this error, the only point made in argument against the complaint by the appellant is, that it is bad for uncertainty, in this, that it gives no date for the appellee's judgment in the injunction suit. Upon this point the appellee alleged in his complaint, that on the final hearing of the injunction suit, in October, 1879, judgment was rendered in his favor that the appellant's injunction against him was wrongful and oppressive, which said judgment was still in full force and effect, and had not been appealed from. It seems to us that this allegation of appellee's complaint was sufficiently certain in regard to the date of the judgment in the injunction suit; but, if it were not, it is well settled by the decisions of this court, that an objection to a complaint or other pleading, upon the ground of uncertainty therein, can not be reached by a demurrer thereto for the want of sufficient facts. Such an objection to a pleading, if it exist, can only be reached by a motion to make the same more certain and specific. *Hyatt* v. *Mattingly,* 68 Ind. 271; *Shappendocia* v. *Spencer,* 73 Ind. 128.

The appellant has assigned the following error: "The court below erred in overruling the motion for a judgment *non obstante veredicto,* on the special findings of the jury." The record shows that the appellant moved the court " for a judgment *non obstante;*" but it does not show that any motion was made for a judgment on the special finding of facts, notwithstanding the general verdict. The two motions are widely different, each from the other, although the appellant seems to consider them, at least in this court, as one and the same. A motion for judgment *non obstante veredicto* is a motion for judgment on the pleadings, without regard to the verdict; but a motion for a judgment on the special finding of the facts, notwithstanding the general verdict, has no reference whatever to the pleadings in the cause, and proceeds upon the theory that the special finding of the facts by the jury is so inconsistent with their general verdict that " the former shall control the latter, and the court shall give judgment accordingly." Code of 1852, section 337 ; Code of 1881, section 390 ; section 547, R. S. 1881.

In this case the court did not err in overruling the appellant's motion for a judgment *non obstante veredicto;* and the record fails to show that he moved the court for a judgment in his favor on the special findings of the jury, notwithstanding their general verdict. It is claimed by the appellant that the special findings of the jury were inconsistent with their general verdict, in this case; and that, for this reason, he was entitled to a judgment in his favor on the special findings of the jury, notwithstanding their general verdict against him. This question can not be presented for the first time in this court. Where, upon the trial of a civil cause, the jury have returned their general verdict against a party, and, with their general verdict, their special findings upon particular questions of fact, submitted to them by the parties under the direction of the court, if such party believes that he is entitled to judgment in his favor on such special findings, notwithstanding the general verdict against him, he must move

the trial court for such judgment, and, if the motion be over-ruled, save an exception to such ruling, in order to present the question for the decision of this court.    These things were not done, in the case at bar, and, therefore, the supposed inconsistency between the special findings of the jury and their general verdict is not properly presented for our consideration, and is not passed upon.

The appellant complains of the action of the court, in permitting the appellee, as a witness in his own behalf, to testify to certain matters, over the appellant's objections.    The record fails to show, however, that the appellant informed the trial court of the grounds of his objections to the evidence of the witness.    It is the settled rule that where it does not appear that the party objecting to evidence below pointed out the grounds of objection, this court will not, on appeal, consider the objection.    *Rosenbaum* v. *Schmidt,* 54 Ind. 231; *McCormick* v. *Mitchell,* 57 Ind. 248; *Smith* v. *Kyler,* 74 Ind. 575.

The appellant claims that the court erred in permitting the appellee's wife to testify as a witness on the trial of the cause. The trial was had in June, 1880, and at that time the act of March 15th, 1879, amending section 2 of the act of March 11th, 1867, defining who should be competent witnesses, was in force.    Under the amended section 2, the appellee's wife was a competent witness in his behalf, in such a suit as the one now before us.

There is evidence in the record tending to sustain the verdict of the jury on every material point.    We can not disturb the verdict on the weight of the evidence; nor can we say that the damages assessed were excessive.

We find no error in the record.

The judgment is affirmed, with costs.