Filed March 12, 1884.

---

No. 11,096.

## THE JOHNSTON HARVESTER COMPANY *v.* BARTLEY.

PLEADING.—*Complaint.*—*Statement of Facts.*—*Demurrer.*—*Motion.*—Where the complaint omits a material fact necessary to the plaintiff's cause of action, a demurrer for the want of sufficient facts will be sustained; but the only remedy for a defective or imperfect statement of facts is a motion to make the complaint more certain and specific in that respect.

LOST INSTRUMENT.—*Proof of Contents.*—*Preponderance of Evidence.*—Where the action is upon a written instrument alleged to be lost, the loss of such instrument, like any other fact stated in the complaint, is to be established by a fair preponderance of the evidence before parol proof of the contents of the instrument is admissible.

PRACTICE.—*Weight of Evidence.*—*Supreme Court.*—The verdict will not be disturbed by the Supreme Court on the weight of the evidence.

From the Noble Circuit Court.

*T. M. Eells*, for appellant.

*H. G. Zimmerman* and *L. W. Welker*, for appellee.

HOWK, C. J.—This was a suit by the appellee, Bartley, against the appellant, to recover damages for an alleged breach of warranty in the sale of a Johnston Harvester and Johnston Mower. The case is here for the second time. See *Johnston Harvester Co.* v. *Bartley*, 81 Ind. 406. When the cause was remanded, the appellee filed an amended complaint, counting on the appellant's written warranty of the harvester and

mower.   Appellant's demurrer to the complaint having been overruled, it answered by a general denial of the complaint, with an agreement that all matters of defence or reply might be given in evidence without having been specially pleaded. The trial of the issues by a jury resulted in a verdict for the appellee; and, over the appellant's motion for a new trial, judgment was rendered accordingly.

Errors are here assigned by the appellant, which call in question the decisions of the circuit court, (1) in overruling its demurrer to the complaint, and (2) in overruling its motion for a new trial.

In discussing the sufficiency of the complaint the first point made by appellant's counsel is, that " the complaint shows no consideration for the warranty." On this point the allegation of the complaint is, that, as a part of appellant's contract for the sale and delivery to appellee of the harvester and mower, for the price agreed upon, it " executed and delivered to the plaintiff a written warranty, whereby," etc.   Surely, this allegation shows a sufficient consideration for the warranty. Appellant's counsel next claims that " the complaint does not allege sufficiently that the terms of the warranty were broken or failed."   It is not claimed that the complaint fails to show a breach of the warranty; but the claim is that the breach is not shown " sufficiently," and this, too, without pointing out wherein the showing is insufficient.   The objection to the allegation is not pointed out, and, therefore, is not considered. So, we may also say, in reference to the other objections of appellant's counsel to the sufficiency of the complaint, they relate, not to the omission of any material fact, but to defective or imperfect statements of facts alleged in the complaint. In such case the remedy of the objecting party is a motion to make the defective or imperfect statements of facts more certain and specific, and not a demurrer for the want of facts. This is settled by many decisions of this court.   *Hyatt* v. *Mattingly*, 68 Ind. 271;   *Nowlin* v. *Whipple*, 79 Ind. 481;   *Wright* v. *Williams*, 83 Ind. 421.

The demurrer to the complaint was correctly overruled.

The first cause assigned by appellant for a new trial, in his motion therefor, was error of law, occurring at the trial, in permitting the appellee to testify, over the appellant's objections, to the contents of the written warranties alleged in the complaint to be lost. It is earnestly insisted, on behalf of the appellant, that appellee's evidence in relation to the loss of the written warranties and his inability to produce them on the trial was not sufficient to authorize the admission of parol evidence of the contents of such warranties. Appellee testified that appellant's agent had given him a written warranty of the harvester and a written warranty of the mower, both of which warranties were signed by the appellant, and also by one William R. Knox, as appellant's agent. Appellee further testified substantially as follows:

" I do not know where the warranties are. In 1877 I put the warranties mentioned in the complaint in the hands of Thomas D. Evans, an attorney at law, then residing at Albion, Indiana, and ordered him to bring an action on them. Afterwards I went to Mr. Evans's office and requested him to hand me the warranties. Mr. Evans, in my presence, made a thorough search in his office, and where they ought to have been found, for the warranties, but could not find them. I do not know where Mr. Evans now resides. I wrote to him where I supposed he resided, but never heard from him. I have always been unable to find said warranties, although I made every effort in my power to find him."

Appellee was then asked by his counsel " to state the contents of the warranties; " and to this the appellant objected " on the ground that the loss of the warranties was not sufficiently proven to authorize the admission of parol testimony of their contents." But the court overruled the objection and allowed the appellee to state to the jury the contents of the warranties, and to this ruling the appellant excepted.

We are of opinion that the court committed no error in the admission of parol evidence of the contents of the writ-

ten warranties over the appellant's objection. We have set out all the evidence in the record in relation to the loss of the written warranties. This evidence certainly justified the court in finding, as it must have done, that the written warranties were lost and could not be produced by the appellee. The loss of the warranties, like any other fact alleged in the complaint, was to be established by the appellee by a fair preponderance of the evidence, and this, we think, was done. *Millikan* v. *State, ex rel.,* 70 Ind. 310.

The other causes for a new trial were, in substance, that the verdict was not sustained by sufficient evidence and was contrary to law, and that the damages assessed were excessive. None of these causes for a new trial are available to the appellant in this court, for the evidence tends to sustain the verdict on every material point; the verdict is not contrary to law, and the damages are not shown to be excessive. In such a case, under the settled practice of this court, the verdict will not be disturbed, nor the judgment reversed, on what might seem to be the weight of the evidence. *Cornelius* v. *Coughlin,* 86 Ind. 461.

We find no error in the record.

The judgment is affirmed, with costs.

Filed March 11, 1884.