R. R. HAYS, *as Treasurer, &c.,* v. Z. M. HILL, *et al.*

PARTIES DEFENDANT—*Who are Necessary, in Action to Enjoin School-District Tax.* The plaintiffs commenced an action against the treasurer of Osborne county for the purpose of perpetually enjoining the collection of a certain tax levied for the purpose of paying interest on a certain school-district bond and of creating a sinking fund for the final redemption of such bond. The plaintiffs did not make the school district which issued said bond a party to the suit. The defendant demurred to the plaintiffs' petition, on the ground that the petition showed upon its face a defect of parties defendant, and the court below overruled the demurrer. *Held,* That said school district was a necessary party, and that the court below erred in overruling the demurrer.

### *Error from Osborne District Court.*

ACTION by *Hill* and two others, taxpayers of School District No. 13, of Osborne county, to enjoin the collection of a certain tax levied upon the property of said school district by order of the district board for the year 1874. The petition was filed in February 1875, and *Hays,* county treasurer, was made sole defendant. *Hays* demurred. The district court, at the April Term 1875, overruled the demurrer, and decreed a perpetual injunction. *Hays* brings the case here for review.

*A. Saxey,* for plaintiff in error.

*R. G. Hays,* and *Z. T. Walrond,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Z. M. Hill, W. Bortzfield and W. Shearer against R. R. Hays, treasurer of Osborne county, for the purpose of perpetually enjoining the collection of a certain tax. A temporary injunction was allowed at the time of the commencement of the action. Afterward the defendant demurred to the plaintiffs' petition, on the grounds, 1st, that the petition showed upon its face a defect of parties defendant; and 2d, that the

petition did not state facts sufficient to constitute a cause of action. The defendant also moved to dissolve said temporary injunction on the same grounds. The court below overruled both the demurrer and the motion to dissolve, and then rendered judgment in favor of the plaintiffs and against the defendant, perpetually enjoining the collection of said tax, and ordering "that the costs of this action be paid by said R. R. Hays in his official capacity as treasurer of Osborne county."

It will be perceived that the only questions involved in this case are, first, was there a defect of parties defendant? and second, did the petition below state facts sufficient to constitute a cause of action? Said tax was levied solely for the purpose of paying interest on a certain school-district bond, and of creating a sinking fund for the final redemption of said bond; and the only ground upon which it is claimed that said tax is void is, that said bond is void. Said bond was issued by School District No. 13 of Osborne county; and unless the bond is in fact void, said district is liable for its payment according to the terms thereof. Who the holder of said bond is, the petition does not disclose; but from certain evidence introduced on the hearing of said motion, it would seem that the state of Kansas is the holder, and that the bond belongs to the permanent school fund of the state. But it really makes no difference who owns or holds the bond, except possibly as to whether he is an innocent purchaser for value or not. In any case the holder must look to the school district for the fulfillment of the bond; and if the bond is valid as between the holder and the school district, the school district must look to the taxpayers to furnish the means with which to pay the bond. If there should be any failure in the payment of the bond, or in the payment of the interest thereon, the holder would sue the school district therefor. Hence it will be perceived that the school district is the real party interested in having said tax collected, and is the only party directly interested therein. If taxes are properly levied, collected, and

24—17 KAS.

paid over to the bondholder, the school district will never be liable to a suit on the bond; but if taxes are not so levied, collected and paid over, the school district will be liable, provided the bond is valid. And this suit cannot determine the validity or invalidity of said bond in favor of or against either the bondholder or the school district, because neither is a party. The county treasurer is a mere nominal party, in such a case as this, and ordinarily he should not be required to pay costs either in his individual capacity or in his official capacity. But if he is to pay costs in his official capacity, where is he to get the funds? from the school district? or from the county? or from the state? or from some other source? We think there was a defect of parties defendant in this case. The school district should have been made a party defendant. (For a further discussion of a similar question, see *Gilmore v. Fox*, 10 Kas. 509, 512, 513.) But as the school district was not made a party, said demurrer should have been sustained. This disposes of the case for the present.

The questions whether the petition below states facts sufficient to constitute a cause of action, and incidentally whether said bond is valid, are also in the case; but we do not think it is necessary to decide them now. Indeed we do not like to decide a question in the absence of every party or person interested on one side of such question, and especially not where a nominal party on that side of the question objects, as the defendant below has done in this case, by demurring to the plaintiffs' petition because the plaintiffs have not brought in all the necessary parties. With reference to the validity of said bond, it will be well for the parties to examine the cases of *Marcy v. Oswego Township*, 92 U. S. 637, and *Humboldt Township v. Long*, id. 642.

The judgment of the court below will be reversed, and cause remanded for further proceedings in accordance with this opinion.

All the Justices concurring.