T. McCARTHY, as *Auditor of State*, v. F. W. MARSH.

INJUNCTION — *Certificate of Indebtedness — Parties.* Where an action is brought to enjoin the auditor of state from issuing a certificate of indebtedness upon claims assumed by the state under the provisions of chapter 180, Laws of 1887, to L., and to compel the auditor to issue two certificates therefor, one to plaintiff and one to L., and L. is made a party defendant, but no service is made, and no appearance is entered by him, *held*, that the court has no authority to render a final judgment in the action until L. is properly summoned or enters an appearance in said action.

*Error from Shawnee District Court.*

THE opinion states the case. Judgment for plaintiff *Marsh*, on June 25, 1888. The defendant *McCarthy* brings the case here.

2 — 41 KAS.

*Edwin A. Austin,* for plaintiff in error.

*Geo. J. Barker,* for defendant in error.

Opinion by CLOGSTON, C. : This was an action brought by F. W. Marsh to enjoin the auditor of state from issuing a certificate of indebtedness under the provisions of chapter 180 of the Laws of 1887. S. A. Haseltine and Chancellor Livingston were made defendants with said auditor. The plaintiff alleges in his petition for injunction that in 1863, and for a long time prior thereto, the plaintiff and Livingston were partners engaged in the livery business in Lawrence, Kansas, and that on the 21st day of August of said year their property, amounting to $3,680, was all destroyed by Quantrill's guerrilla band, and that afterward said account was audited for the firm, and again reaudited in 1875, and a certificate issued to Livingston for $1,840, in the name of Livingston. Afterward, and under the provisions of chapter 180 of the Laws of 1887, the state assumed the payment of these claims, or a certain proportionate part thereof, and directed the auditor to prepare a new schedule from the report of the commission that audited the claims in 1875, and to issue certificates of indebtedness for the amount of said claims to the original claimants, their heirs or legal representatives, and also to issue certificates of indebtedness when claims are allowed to a firm or partnership to the individual members of such partnership or firm, or to their heirs, in proportion to the interest each had in such firm or partnership. Plaintiff also alleges that the firm or partnership of Marsh & Livingston has been fully settled except the settlement of this claim, and that said Livingston is a nonresident of the state of Kansas, and is insolvent ; also, that the auditor is about to issue a certificate of indebtedness for the whole amount of said claim, and deliver the same to Livingston. Plaintiff asks that the auditor be enjoined from issuing said certificate to said Livingston, and that he be required to issue a certificate to both Livingston and the plaintiff, each for

one-half of the amount awarded by the report of the commission awarding to said Livingston $1,840, for and on behalf of the firm of Marsh & Livingston. Defendant McCarthy demurred to this petition upon the grounds, first, that the court had no jurisdiction of the subject of the action; second, a defect of parties plaintiff and defendant; third, that the petition does not state a cause of action; and fourth, that the petition does not state sufficient grounds to warrant an injunction against the defendant. This demurrer was overruled, and defendant elected to stand upon his demurrer, and judgment was rendered as prayed for in the petition. Defendant Haseltine filed his disclaimer, and the record shows no service upon Livingston, and no appearance by him.

The question now presented is, had the court authority or right to pronounce a judgment under these facts? The controversy is one affecting equally Marsh and Livingston, and is one in which the auditor has no interest. Before a final judgment could properly be rendered enjoining the auditor from issuing the certificate and determining the respective rights of the parties to separate certificates, all the parties in interest must be before the court; and as the record shows that Livingston was not served and made no appearance in the action, then no final judgment could be rendered until he was brought before the court by proper service. This rule follows *The State v. Anderson,* 5 Kas. 90; *Gilmore v. Fox,* 10 id. 509; *Hays v. Hill,* 17 id. 360; *A. T. & S. F. Rld. Co. v. Wilhelm,* 33 id. 206; *Carpenter v. Hindman,* 32 id. 601; *Cassatt v. Comm'rs of Barber Co.,* 39 id. 505. If Livingston had been served in the action, or had made an appearance, and the court had found the facts to be as alleged in the petition, we see no good reason why judgment might not have been pronounced by the court in the action. No other remedy has been pointed out by which the relief sought by the plaintiff could be obtained. If the defendant Livingston was insolvent and a non-resident of the state, then no remedy by an action against him could avail the plaintiff.

We therefore recommend that the cause be reversed, and remanded for further proceedings.

By the Court: It is so ordered.

All the Justices concurring.