JAMES RYAN *et al.* v. E. L. PARRIS, *as Assignee of Chas.*
*A. Malm.*

EXECUTION SALE—*Injunction.* A temporary injunction may be granted
to restrain the sale of personal property, when it appears that such
property is *in custodia legis*, and is not subject to the satisfaction of
the judgment under which the execution issued; and a sale of the
same would confer no title on the purchaser.

*Error from Harvey District Court.*

THE facts are substantially stated in the opinion.

*Brown & Kline*, for plaintiffs in error.

*A. L. Greene*, for defendant in error.

Opinion by GREEN, C.: This was an action for an injunc-
tion, commenced in the district court of Harvey county, by
T. C. Brewer, as the assignee of Chas. A. Malm. A tempo-
rary injunction was granted. The facts, briefly stated, are as
follows: Chas. A. Malm made an assignment for the benefit
of his creditors to T. C. Brewer, on the 17th day of June,
1889. The sheriff of Harvey county levied an attachment
upon the assigned stock of goods, and took possession of the
same; and, while he was holding the property under several
orders of attachment, the assignee commenced a replevin ac-
tion against the sheriff to recover the possession of the stock
of goods or their value, which he alleged to be $10,000. The
sheriff gave a redelivery bond in double the amount of the
value of the goods as stated in the affidavit for the writ of
replevin, and the coroner returned the property to the sheriff,
who continued to levy other writs upon the property at the
instance of the creditors of Malm. One of the writs was an
execution, which the sheriff levied upon the stock of goods
subsequent to the giving of the redelivery bond, at the suit
of the plaintiffs in error Otto Young & Co. The sheriff,
Ryan, was proceeding to advertise the property upon the exe-
cution in favor of Otto Young & Co. when he was restrained

by a temporary injunction. After the order had been obtained, T. C. Brewer died, and he was succeeded by E. L. Parris as assignee. It is urged that the court erred in allowing the temporary injunction, for the reason that the assignee had a plain and adequate remedy at law. The answer to this contention of the plaintiff in error is, that this court has already held that, pending an action in replevin, where the property remains in the manual possession of the sheriff, the property in controversy is *in custodia legis;* and, being in the possession of the court, cannot be disturbed by any other officer holding writs of attachment or execution. It has been said:

"For convenience of the parties, and to save cost and expenses, the statute has provided that, upon the giving of a bond, the plaintiff may, prior to the judgment, obtain temporary possession of the property; but still it does not change the fact that the replevin action is simply one to determine who is entitled to the possession, or make the property, pending the action, any less *in custodia legis.*" (*McKinney v. Purcell,* 28 Kas. 447, and authorities there cited.)

In this case the sheriff retained the possession of the property by executing a redelivery bond. He was first attempting to hold the stock of goods under the various writs of attachment when the action in replevin was commenced. He then gave the statutory bond and continued to hold the property, which he afterward attempted to sell under an execution levied after he had given such bond. This, we have seen, cannot be done by any other officers, and obviously it cannot be done by the sheriff himself. By making the levy under the execution, the plaintiffs in error asserted that the property was subject to sale to satisfy the judgment of Otto Young & Co. There was a replevin action pending which raised the question as to who was entitled to the assigned stock of goods. If the petition of the assignee be true, the purchaser at the sheriff's sale could acquire no title to the property, but it might embarrass the assignee in obtaining a return of the specific property. If this be true, he would be injured, and the purchaser would be

without title to the property attempted to be sold under the execution.   It was said, in *Kimberly v. Sells*, 3 Johns. Ch. 470, by Chancellor Kent: "If the execution creditor is permitted to sell while the title is doubtful and unknown, who would buy?   Probably no person would be induced to bid, but on mere speculation, or for a nominal sum."   The supreme court of Ohio has held that courts of equity would prevent a sale on execution where no title could be conferred. (*Norton v. Beaver*, 5 Ohio, 178.   See also, as affirming this doctrine: *Gas Light Co. v. Munsell*, 19 Iowa, 305; *Macklott v. City of Davenport*, 17 id. 379; *Hagan v. Lucas*, 10 Pet. 400; Wells, Repl., § 470; *Turner v. Reese*, 22 Kas. 319.)

It follows from these views that the judgment of the district court should be affirmed.

By the Court: It is so ordered.

All the Justices concurring.