104   319
110   733

W. L. MOORE v. M. W. KLEPPISH AND DAN R. KINLEY, Appellants.

Dedication: PLATTING. The platting of land as a public square amounts to a dedication thereof to public use.

REVOCATION: A dedication of a square to the public cannot be revoked without the joint act of all parties interested, including owners of abutting lots.

RULE APPLIED. Where land has been platted as a public square, an instrument executed by the party who made the plat, and others

whose interests do not clearly appear, in which some of the abutting property owners did not join, is ineffectual as a vacation of such square.

**Estoppel:** VACATION OF PLAT. An owner of lots abutting on a public square is not estopped to attack the validity of an attempted vacation by another owner, of the dedication of the square to public use, by subsequently occupying a portion of the square, where he supposed that the attempted vacation was valid.

**Right to Enjoin:** TITLE. Plaintiff in an action *to restrain the sale on execution of real property* of which he is in possession, is at most only bound to show a presumptive title, where defendant has no title at all.

*Appeal from Linn District Court.*—HON. W. P. WOLF, Judge.

TUESDAY, JANUARY 18, 1898.

ACTION in equity to restrain the sale on execution of certain real estate. Decree for plaintiff. Defendants appeal.—*Affirmed.*

*Rickel & Crocker* for appellants.

*John M. Redmond* for appellee.

WATERMAN, J.—Plaintiff, claiming to be the owner of certain real estate in the city of Cedar Rapids, brings this action to restrain the sale of said premises under a writ of general execution against one J. M. May, on the ground that the judgment debtor has no interest in said land, and did not have at the time of the rendition of said judgment. The defendant Kleppish is the execution creditor, and Kinley is the sheriff of Linn county. Much evidence was taken upon the question of plaintiff's title to the premises, and the greater portion of the argument on both sides is devoted to a consideration of the conflicting claims on this point. In the view we take of the case, we shall be spared an attempt to solve many questions of fact that are in dispute between the parties as to the length of time plain-

tiff and his grantors have been in possession of the premises, and the character and incidents of such occupancy. It is sufficient for our purpose to say that it is undisputed that plaintiff went into the possession of this tract on April 29, 1892, under a conveyance from his father; that he has held possession since that time under a claim of ownership, and has made valuable improvements. So much for plaintiff's interest. We will now examine the claim of defendants. It appears that one John M. May, being the owner of a tract of land in Cedar Rapids, platted the same in 1874 as an addition to said city, the plat containing a public square known as "Union Square." Prior to 1878, Martin Moore, the father of plaintiff, acquired title to lots 1, 11, and 12 in said addition, each of which abutted upon the public square mentioned. On November 7, 1878, May, joining with others, whose interest does not clearly appear, but who claim to be joint owners, filed for record an attempted vacation of said "Union Square." Martin Moore, who was at this time the owner of the three lots mentioned above, did not join in said vacation, nor does it appear that he consented thereto. After this so-called vacation, and apparently relying upon its validity, Martin Moore took possession of a part of said public square in front of the lots owned by him, and claimed title thereto. This is the tract in dispute in this case. After this, in 1892, he conveyed the same to plaintiff, as already stated.

It is obvious from what has been said that the attempted vacation of "Union Square" was invalid and of no effect. It is not necessary to cite authorities to show that the platting of such square in the addition in question amounted to a dedication to public use. This dedication could be revoked only by the joint action of all parties interested, including owners of abutting lots. This was not had. Nothing less than this could take title from the public, and revest it

in private owners. Whether Martin Moore's seizure of part of the square, and his claim of ownership thereof, might, under some circumstances, be held to estop him, or those holding under him, from claiming there was no valid vacation of said square, we will not say.

3        We content ourselves with holding that, if he could be bound in any way other than by joining in the written instrument of vacation, the facts here disclosed are not sufficient to do so, for it appears affirmatively that he believed the attempted vacation by May was valid, and that his subsequent action was induced by such belief. The judgment against May, under which the sale of the premises in question is threatened, was rendered October 17, 1888. From what we have already said, it is apparent that May had no interest in said real estate.

The only question remaining is whether plaintiff has any such interest in the property as will give him a standing in court to enjoin the execution sale. Plaintiff does not seek to quiet title. His only prayer

4        is that the threatened sale may be enjoined, and this was all the relief given by the decree below. Defendants insist that plaintiff must recover on the strength of his own title, and not on the weakness of defendants' claim. This undoubtedly is the rule in actions for the recovery of real property, but this is not an action of that nature. Plaintiff is in possession of the real estate under a claim of title. Defendants are seeking to subject it to the payment of a debt that cannot be legally enforced against it. It may well be doubted whether the rule contended for by defendants obtains in cases like this, or in actions to quiet title; but, if it does, it is in a modified form, and is fulfilled by plaintiff making a showing of presumptive title,—that is, of facts from which title may fairly be inferred. *Russel v. Nelson*, 32 Iowa, 215; *Railway Co. v. Lindley*, 48 Iowa, 11; *Shaffer v. McCrackin*, 90 Iowa, 578. This

last was an action to quiet title. A decree was rendered by the lower court granting the relief asked, and, in affirming such action, this court said upon the subject of plaintiffs' title: "But what right, title, or interest in said premises have plaintiffs or the other parties to the suit? It may truly be said that they must recover, if at all, on the strength of their own right, and not on the weakness of McCrackin's claim. Yet they need not have a perfect title as against J. R. McCrackin. If they have any right or equity therein, they should be protected as against him, who has no right whatever. It matters not that others may be able to assert rights in said premises as against plaintiff. That fact, if it exists, cannot prejudice McCrackin, whose interest in the land may be represented by zero." As sustaining this principle, see, also, *Craft v. Merrill,* 14 N. Y. 456; *Loomis v. Roberts,* 57 Mich 284, (23 N. W. Rep. 816.) The decree below is correct, and is AFFIRMED.