63  247
f63  538
63  541

ELLA S. JEFFRIES-BASOM v. SETH NATION, *Treasurer, et al.*

No. 12,342.   (65 Pac. 226.)

SYLLABUS BY THE COURT.

INJUNCTION—*Defect of Parties.*   A final injunction will not be granted in the absence of a necessary and indispensable party to the action; and, until all those whose legal rights are to be directly affected thereby are made parties to the action, a perpetual injunction is rightly refused.

Error from Neosho district court; L. STILLWELL, judge.   Opinion filed June 8, 1901.   Division two.  Affirmed.

*John J. Jones*, and *BaSom & Buckley*, for plaintiff in error.

*W. R. Cline*, for defendants in error.

The opinion of the court was delivered by

POLLOCK, J. : This is a suit in injunction commenced by plaintiff in error against the treasurer and sheriff of Neosho county, to restrain the threatened issuance of a tax-warrant and a levy upon personal property assessed by the city assessor of the city of Chanute upon March 1, 1896.

Prior to the 7th day of February, 1896, plaintiff in error had resided in the city of Chanute.   Upon that date she was married to BaSom and at once removed to the city of Joplin, Mo.   Upon March 1, 1896, she had on deposit in the First National Bank of Chanute, upon open account subject to check, the sum of $1855.92.   She also had certain promissory notes of the value of $150, which had been left with the bank for the purpose of collection.   She also owned other promissory notes amounting to several

thousand dollars, secured by real-estate mortgages in Neosho county, but these notes the plaintiff in error had with her in Missouri. The right of injunction is based upon the ground that this personal property followed the owner, and was not subject to taxation in the state of Kansas after the removal of the owner to the state of Missouri.

At the time of the filing of the petition a restraining order was granted, and notice of the hearing of the application for a temporary injunction was ordered, and given. The defendants answered. At the date set for the hearing of the application for a temporary injunction, by agreement of all parties, the case was fully tried and determined upon its merits, for final injunction. It was admitted upon the trial that plaintiff in error had tendered all taxes except the amount in dispute, $300. The trial court made a general finding in favor of defendants, upon which judgment was entered dissolving the restraining order and refusing a perpetual injunction. Plaintiff below prosecutes this proceeding in error to obtain a reversal of said judgment. No supersedeas was given, and it is made to appear to this court, by stipulation of parties, that after the trial a tax-warrant was issued, and the taxes assessed against plaintiff in error were fully collected and paid.

It is urged by counsel for defendants in error that there is an absence of necessary parties defendant; that the board of county commissioners of the county is the real party in interest, and is a necessary and indispensable party. We think this contention correct. The only parties defendant to the suit are the county treasurer and sheriff. The board of county commissioners is not made a party. While the treasurer and sheriff are proper parties to the suit, yet they are

merely nominal parties. The board of county commissioners of the county is the real party in interest. It has long been the settled law of this state that a permanent injunction will not be granted until all whose legal rights are to be directly affected by it are made parties to the action. (*The State v. Anderson,* 5 Kan. 90 ; *Gilmore v. Fox,* 10 id. 509 ; *Hayes, Treasurer, v. Hill,* 17 id. 360 ; *Carpenter, Treasurer, v. Hindman,* 32 id. 607, 5 Pac. 165 ; *A. T. & S. F. Rld. Co. v. Wilhelm, Treasurer,* 33 id. 206, 6 Pac. 273 ; *McCarthy v. Marsh,* 41 id. 17, 20 Pac. 479 ; *U. T. Rld. Co. v. Rld. Comm'rs,* 52 id. 680, 35 Pac. 224.) There could be no final injunction granted in this suit against the merely nominal defendants, in the absence of the real party in interest. The trial court might properly have ordered the county board brought into the case, but could grant no final injunction in its absence. The tax is now collected and disbursed by the county. An injunction against the board would now be wholly unavailing.

The finding of the trial court is a general finding. We are at liberty to assume that such finding was made and the judgment thereon was rendered because no other judgment could have been rendered in the absence of a necessary and indispensable party to the suit.

It follows that the judgment must be affirmed.

DOSTER, C. J., SMITH, J., concurring.