HENRY McGILL *et al.* v. MILTON SUTTON *et al.*
No. 13,149. (72 Pac. 853.)

SYLLABUS BY THE COURT.

1. INJUNCTION—*Necessary Parties.* When an action is brought by one of several judgment debtors, jointly liable, to restrain the sale of a tract of land owned by him, seized in execution, upon the ground that such land is not liable to execution in satisfaction of the judgment, the other judgment debtors are not necessary parties to the action.

2. HOMESTEAD AND EXEMPTIONS—*Finding not Disturbed.* Whether the removal of a family from the homestead is for a temporary purpose, with the intention of returning to it as a home, or an abandonment of the homestead by the family, is a question of fact, the determination of which, upon conflicting oral testimony, will not be disturbed by this court.

Error from Jackson district court; MARSHALL GEP-
HART, judge. Opinion filed June 6, 1903. Affirmed.

*Crane & Woodburn Bros., J. A. Rokes, J. H. Keller,*
and *Keeler & Hite,* for plaintiffs in error.

*Hayden & Hayden,* and *I. T. Price,* for defendants in
error.

The opinion of the court was delivered by

POLLOCK, J.: This action was brought by Milton
Sutton and wife to restrain the sale of an eighty-acre
tract of land levied on under an execution issued on
a judgment in favor of plaintiffs in error and against
Milton Sutton, F. W. Smith, M. G. Farley, I. A. Col-
lins, J. H. Hannam, G. W. Hannam, and J. P. Brown-
lee. Among other grounds alleged, upon which the
injunction was procured, were that the property seized
belonged to the wife, Mary Sutton, and that it was
the homestead of plaintiffs. A jury was called to ad-
vise the court on questions of fact. At the conclusion
of the evidence the homestead character of the prop-
erty alone was submitted to the jury, and in response
to special questions it found the property to be the
homestead of plaintiffs. This finding was approved
by the court and the temporary injunction thereto-
fore procured was made perpetual. Defendants below
bring error.

It is first contended that the other judgment debtors
of Milton Sutton were necessary parties to this action.
This claim is without merit. The object of the ac-
tion was to restrain the sale of a particular tract of
land owned by plaintiffs upon the ground that it was
not subject to seizure and sale in satisfaction of the
judgment. In such case he owners of the property

McGill v. Sutton.

alone are necessary parties plaintiff and they may institute and maintain such action. In *Merriman v. Walton*, 105 Cal. 403, 38 Pac. 1108, 30 L. R. A. 786, 45 Am. St. Rep. 50, it was held :

"A codefendant against whom the judgment was rendered in the justice's court need not be a party to an action to restrain the judgment so far only as affects the plaintiff and his property, the judgment against the codefendant being left in full effect, to be enforced at any time."

In the opinion it was said :

"The objection that the codefendant of the plaintiff is not a party to this action is without merit. The judgment in the justice's court is restrained only so far as it affects the plaintiff herein and his property, leaving the judgment against his codefendant in full effect, to be enforced at any time."

While we do not find the exact question here presented determined by this court, yet the practice followed in this case was permitted by this court in *Allen v. Dodson, Sheriff*, 39 Kan. 220, 17 Pac. 667, and *Ard v. Pratt*, 61 id. 775, 60 Pac. 1048. See, also, *Ingraham v. Dyer*, 125 Mo. 491, 28 S. W. 840.

One of the grounds alleged for restraining the enforcement of the judgment against the property in question was that it was purchased, in part, from money furnished by the wife out of her separate estate. In support of this claim plaintiffs were permitted to show that a portion of the purchase-money had been paid out of the private estate of the wife under an oral agreement with her husband as to the ownership of the property. It is contended that this was error. An examination of the record shows that the evidence thus produced on behalf of plaintiffs was insufficient to authorize an order or judgment restraining the sale of the property, and such evidence should, on motion,

have been withdrawn from the consideration of the jury. But as the court was not requested to withdraw this evidence from the consideration of the jury, and as the only question submitted to the jury was the homestead character of the property in dispute, the reception of this testimony was immaterial and formed no basis for the judgment rendered.

The question of merit in the case relates to the homestead character of the property. It is contended there is not sufficient evidence in the record to support the judgment of exemption rendered. The execution levied on the property was issued September 30, 1899. At this time plaintiffs did not live on the property. Prior to March, 1897, they had resided on the property as their homestead. At this time, on account of the sickness of the husband, plaintiffs had removed with their family to the town of Havensville, and there built a house at a cost of about $1000, on a lot owned by Mrs. Sutton. Most of the furniture was removed from the house on the farm to this house in town, and the farm was rented to others. Milton Sutton also exercised the right of suffrage in the town of Havensville, and he with his family continued there to reside until the month of April, 1901, a very short time prior to the trial of this case in the district court, when he with his family moved back to the farm.

Upon the trial, plaintiffs, with other members of their family, testified that the residence in town was temporary only, during the inability of the husband and father to work on the farm ; that it was the intention of all the family to return to the farm as their home as soon as the state of his health would permit. Milton Sutton also testified that he voted in Havensville for the reason that he believed he could only vote in the precinct wherein he slept and had his washing

done.   The jury believed the testimony of plaintiffs as to their intention to return to the farm and make it their home, and found the property in dispute to be the homestead of plaintiffs, and that they had not abandoned it as a homestead.   This finding the trial court approved and entered judgment thereon.   While we find it difficult to reconcile the conduct of plaintiffs with their claimed intention of returning to the farm as their home, yet as this question of fact was submitted to the jury for its advice, and by the jury found in favor of plaintiffs upon conflicting oral testimony, and as the trial court has approved the findings of the jury, although they were not binding upon it, we cannot now disturb the conclusion reached.

It is finally urged that the trial court erred in not instructing the jury as requested by counsel for the defendants, and also erred in the instructions given the jury.   Technical objections are interposed to a consideration of these alleged errors.   An examination of the record shows such objections well taken. Aside from this, however, we may say we have examined the instructions given and find there is no error. More especially is this true in a case of equitable cognizance, like the one at bar, where the findings made by the jury are for the advice of the court only, and there is nothing in the instructions from which it may be gathered that the trial court proceeded upon an erroneous theory of the case or a mistaken view of the law.

It follows that the judgment must be affirmed.

All the Justices concurring.