EARLIE OVERTON v. J. A. WARNER, *as Sheriff, etc.,*
*et al.*

No. 13,343. (74 Pac. 651.)

SYLLABUS BY THE COURT.

REPLEVIN— *Property is in Custodia Legis, Notwithstanding Redelivery Bond.* Property taken from an officer under a writ of replevin and returned to him upon the giving of a redelivery bond is *in custodia legis,* and the sale of it upon an execution issued after it has been so taken, and during the pendency of the replevin proceedings, may be prevented by an action of injunction.

Error from Hamilton district court; WILLIAM EASTON HUTCHISON, judge. Opinion filed December 12, 1903. Reversed.

*George Getty,* and *George J. Downer,* for plaintiff in error.

*U. T. Tapscott, Hoskinson & Hoskinson,* and *Whitcomb & Hamilton,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is a companion case of O'Loughlin v. Overton, immediately preceding, and was brought to enjoin the sale of cattle claimed by Earlie Overton, upon an execution issued on the judgment obtained by John O'Loughlin against Emma Overton as administratrix of the estate of her deceased husband. In his petition for injunction plaintiff alleged a number of grounds of invalidity of the judgment, and, as an additional reason why it was not enforceable, he stated that, after the seizure of the cattle on the original execution and before the issuance of the alias execution on which it was proposed to sell them, the plaintiff instituted an action in replevin to recover from Warner, as sheriff, the cattle proposed to be sold, and that notwithstanding the issuance and service of a summons upon him, and the pendency of the replevin action to try the rights of property in the cattle, the sheriff was still attempting to sell them on execution. It was further alleged that in the event that the sheriff should sell the cattle under the execution, and even if Earlie Overton were successful in the replevin action, the cattle so sold could not be returned to him under the judgment in replevin.

On the hearing to dissolve the temporary injunction the parties stipulated and agreed that in the above-mentioned replevin action the cattle claimed by plaintiff were taken from the sheriff on a writ of replevin; that they were valued at $2650; that the execution creditor, O'Loughlin, gave a redelivery bond in double the alleged value of the cattle, which was approved. But the motion to dissolve the temporary injunction was overruled. Afterward, upon a demurrer of defendant, the court ruled that the plaintiff's petition

did not state facts sufficient to constitute a cause of action, and, the plaintiff electing to stand upon the demurrer, judgment was rendered for the defendant and the cause was dismissed.

If the cattle were taken and held under a writ of replevin they were *in custodia legis* and necessarily beyond the reach of seizure upon execution or other process. Being in the custody of the law, the seizure and proposed sale of the property by the sheriff were without validity, and, under the authorities, injunction was a proper remedy to prevent the sale. In *McKinney v. Purcell*, 28 Kan. 446, it was held that property taken by an officer on a writ of replevin and turned over to an individual upon a redelivery bond is to be deemed *in custodia legis* and the same as if it had continued in the possession of the officer.

It is contended here that the sale of personal property on the execution cannot be enjoined, for the reason that adequate legal remedies may be employed. The case of *Ryan v. Parris*, 48 Kan. 765, 30 Pac. 172, is quite closely in point. There property which had been attached was taken from the sheriff on a writ of replevin, and upon the giving of a redelivery bond the property was returned to him. Later the sheriff undertook to seize and sell the property on an execution that came into his hands after the giving of the redelivery bond. It was held that the property was in the custody of the law and could not be disturbed or taken on execution or other process, and, further, that injunction might be granted to restrain the sale of property so situated.

There is a contention that the averments in the petition with respect to the taking of the property by replevin are not sufficiently specific to show that the property was in the custody of the law. The aver-

Overton v. Warner.

ments are somewhat general, it is true, but the inter-pretation placed upon the pleading by the admissions previously made by the parties on the motion to dissolve the injunction warranted the court in assuming that the property had been taken on the writ of replevin.   This interpretation having been placed on the pleading before the demurrer was determined, the court no doubt acted upon it, and after the action of parties it would hardly do now to say that the property was not so treated by the court and counsel. Following the authorities cited, it must be held that at least one ground of action was stated in the petition and that error was committed in sustaining the demurrer.

The motion to dismiss because the case-made was not served upon a party who did not appear and participate in the proceedings, and who was represented by the sheriff, is not good.   (Gen. Stat. 1901, § 5020.)

For the error mentioned the judgment will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.

MASON, J., not sitting, having been of counsel.