ALICE E. BARNETT V. HENRY SCHAD, *as Sheriff, etc.*
No. 14,549.    (85 Pac. 411.)
SYLLABUS BY THE COURT.

1. INJUNCTION — *Commencement of Suit — Procedure.*  Where
the statutes authorize the clerk of a district court to do a
certain act, and authorize the judge of the same court to do
another act, and the authority of each to act is dependent
upon the previous action of the other, either may act first,
and the two acts will be regarded in law as done at the same
time, provided · the acts follow one another within such ·
reasonable time that, under the particular circumstances of
the case, the difference in time may be· regarded as incon-
siderable.

2. PARTIES—*Suit to Enjoin Sheriff—Judgment Creditor Not a
Necessary Party.*  In a suit against a sheriff to enjoin him,
as such officer, from selling real estate upon which he has
levied an execution issued on a money judgment, the judg-
ment creditor is a proper, but not a necessary, party defend-
ant.  The sheriff, in such a case, may make all defenses which
he and the judgment creditor could make, either jointly or
severally.  (*Taylor v. Hosick, Adm'r, &c.,* 13 Kan. 518, 526.)

Error from Sedgwick district court; THOMAS C.
WILSON, judge.  Opinion filed April 7, 1906.  Reversed.
Opinion denying a rehearing filed May 12, 1906.

STATEMENT.

THIS suit was brought by the plaintiff in error to en-
join the defendant in error, as sheriff of Sedgwick
county, from selling land, which she alleged was her
property, under an execution issued against another
person.  At the commencement of the suit a temporary
injunction was allowed by the judge of the district
court.  Afterward the court, on motion of the defend-
ant, issued an order dissolving such temporary in-
junction; and the plaintiff brings the case here for re-
view of such order of dissolution.

*Holmes & Yankey,* for plaintiff in·error.

*I. P. Campbell & Son,* for defendant in error.

The opinion of the court was delivered by

SMITH, J.: Six grounds were set forth in the motion to dissolve the temporary injunction, the first, second, third and sixth of which relate to the failure to issue a formal order addressed to the defendant and under the seal of the court. The temporary order was allowed at the time of commencing the suit, and "injunction allowed" was indorsed on the summons that was issued and served. (Gen. Stat. 1901, § 4690.) But it is urged in the defendant's brief that the words "injunction allowed" were not indorsed by the clerk but were written on the summons by plaintiff's attorney. In the absence of any evidence on the subject it must be presumed the indorsement was made by the clerk. A forgery will not be presumed. It follows that as to these grounds for dissolution the motion should have been denied.

The fourth and fifth grounds of the motion were really one, which was that the verified petition was not filed with the clerk before it was presented to the judge for the allowance of the order. The principal controversy on the hearing seems to have been whether the order was made by the judge immediately before the filing of the petition or immediately thereafter. Much evidence *pro* and *con* was introduced, and we assume from the ruling of the court that it found this issue in favor of the defendant. It is not within our province to weigh this evidence, and we disregard it as immaterial, except so far only as there is no conflict.

The uncontroverted evidence shows that the plaintiff with her attorney appeared in the clerk's office about the time the court opened in the adjoining room of the court-house, and, the clerk being absent, the attorney presented the petition to the deputy clerk and requested him to swear the plaintiff to the same, which he did; she subscribed her name to the oath, and he affixed his jurat and seal. The attorney either did or did not request the deputy to file the paper, but im-

mediately took the same to the judge and requested him to allow the order, which was done; and immediately thereafter the attorney returned the petition to the deputy clerk, when the papers were marked filed, including a præcipe for a summons. An injunction bond was then filed, security for costs given, and the summons issued and indorsed as before stated.

The statute (Gen. Stat. 1901, § 4686) provides that "the injunction may be granted at the time of commencing the action," and section 4487 provides that "a civil action may be commenced in a court of record by filing in the office of the clerk of the proper court a petition, and causing a summons to be issued thereon." If the petition is used as the evidence upon which the injunction order is obtained the filing thereof and the order thereon cannot well be made at the same instant. Nor is this requisite. It is urged that a judge has no jurisdiction to make any order except in an action actually pending, and this may be admitted as the general rule. Under the facts of this case, however, the granting of the order and the commencement of the suit, being practically simultaneous, will be regarded as actually simultaneous. Since the granting of the order is entirely ineffective until the order is issued and served, or until a summons with the indorsement "injunction allowed" is issued and served, the rights of a defendant cannot be affected even if the allowance of the order in fact precedes the filing of the petition by a moment's time. Further, it may be said, the law necessitates the granting of the injunction before the commencement of the suit. Procuring the issuance of a summons is as essential to the commencement of a suit as is the filing of a petition, and the indorsement "injunction allowed" should, if desired, be made upon the summons at the time it is issued. If this were done before the judge or court had in fact granted the injunction, another objection, with equal force, might be based thereon. While the act of the

judge and the act of the clerk must, of necessity, be separated by some inconsiderable interval of time, the law regards both acts as done at the same time, regardless of which precedes the other.

The order of the district court dissolving the temporary injunction is reversed, and the case is remanded.

All the Justices concurring.

----

OPINION DENYING A PETITION FOR A REHEARING.

The opinion of the court was delivered by

SMITH, J.:  All the questions raised by the defendant in error in his petition for a rehearing were considered and determined adversely to him before the decision was handed down.  It may be well, however, to state more clearly the ground upon which the first paragraph of the syllabus is based, as it seems to be misapprehended.

It is conceded that a district judge should make no order allowing an injunction until a suit for an injunction has been commenced in his court.  A suit is commenced by filing a petition and causing a summons to be issued thereon (Code, § 57; Gen. Stat. 1901, § 4487), and, when an injunction is allowed at the commencement of the suit, the clerk should indorse upon the summons "injunction allowed."  (Code, § 243; Gen. Stat. 1901, § 4690.)  Thus it appears the summons should issue before the making of the order and the order should be made before the issuance of the summons.  The difficulty is usually overcome by first filing the petition, then procuring the order, and then procuring the issuance of summons with the indorsement.  This solution, however, is more apparent than real.

The contention that there was a defect of parties defendant in failing to join the judgment creditor with

the sheriff was not overlooked, although not mentioned in the decision. The judgment creditor was a proper party, but was not a *necessary* party. He could make any defense he had through his agent, the sheriff, or, if he had desired, he could have asked, by motion, to be made a party, and such application, in the discretion of the court, could have been allowed. The sheriff, however, could have made any defense which he and the creditor, jointly or severally, could have made. Hence the creditor was not a necessary party. (*Taylor v. Hosick, Adm'r, &c.*, 13 Kan. 518, 526.)

The petition for a rehearing is denied.

All the Justices concurring.