No. 19,533.

ORAL R. YOUNT, *Appellee*, v. L. W. HOOVER, as Sheriff,
etc., *Appellant*.

SYLLABUS BY THE COURT.

1. INJUNCTION—*Necessary Parties—Enjoining Execution Sale.*
The judgment creditor is not a necessary party in an action
to enjoin a sheriff from selling the property of a third person
under an execution issued on a judgment in an action to
which such third person was not a party.

2. SAME—*Proper Party to Enjoin Execution Sale.* An action
can be maintained by the owner of real property to enjoin
its sale under an execution issued on a judgment against
another person in an action to which the owner of the prop-
erty was not a party.

Appeal from Cowley district court; CARROLL L.
SWARTS, judge. Opinion filed June 12, 1915. Affirmed.

*C. T. Atkinson,* of Arkansas City, for the appellant.
*L. C. Brown,* of Arkansas City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This is an action to enjoin the sheriff
of Cowley county, Kansas, from selling real property
under an execution. Judgment was rendered for the
plaintiff. The defendant appeals.

The petition, omitting formal parts, alleges:

"That in a certain action pending in the Justice
Court of D. D. Light, a Justice of the Peace in and for
Bolton Township, Cowley County, Kansas, wherein
C. E. Cummins was plaintiff and Louisa F. Yount
was defendant, the said plaintiff recovered judgment
against said defendant, Louisa F. Yount, and the same
was abstracted to this court by the plaintiff. That said
plaintiff caused an execution to be issued on said judg-
ment and the same was placed in the hands of the
defendant, and said defendant levied said execution on
the east half of the southeast quarter of section three
(3), in Township Thirty-four (34), Range Three (3)

East, in Cowley County, Kansas, and has advertised said premises for sale and is about to sell the same as the property of the said Louisa F. Yount.

"That this plaintiff is the owner in fee simple of the above mentioned and described premises, and was such owner long prior to the commencement of the suit upon which said execution is based and under and by virtue of which said defendant is about to sell said premises.

"That by reason of the premises, the plaintiff will be disturbed in the peaceable possession and occupancy of said premises, and that by a sale of said premises he will further suffer irreparable injury and damage, for which he has no adequate remedy at law, and the sale of said premises under said execution will incumber the title to said real estate."

The defendant filed a general demurrer, which was overruled. Judgment was rendered for the plaintiff on the demurrer.

(1) The defendant contends that the demurrer should have been sustained because the judgment creditor was not a party to the suit.

"A final injunction will not be granted until all the parties whose legal rights are to be directly affected by it are made parties to the action." (*State of Kansas v. Anderson,* 5 Kan. 90, syl. ¶ 1; *Gilmore v. Fox,* 10 Kan. 509, 512; *Hays, Treasurer, v. Hill,* 17 Kan. 360; *Voss v. School District,* 18 Kan. 467, 471; *Carpenter, Treas., v. Hindman,* 32 Kan. 601, 607, 5 Pac. 165; *A. T. & S. F. Rld. Co. v. Wilhelm, Treas.,* 33 Kan. 206, 6 Pac. 273; *McCarthy v. Marsh,* 41 Kan. 17, 20 Pac. 479; *City of Anthony v. The State, ex rel.,* 49 Kan. 246, 30 Pac. 488; *U. T. Rld. Co. v. Rld. Comm'rs,* 52 Kan. 680, 35 Pac. 224; *Jeffries-BaSom v. Nation,* 63 Kan. 247, 65 Pac. 226; *Shearer v. Murphy,* 63 Kan. 537, 66 Pac. 240.)

In a suit to enjoin the state treasurer from paying over the proceeds of the sale of land granted to railroad companies, the companies are necessary parties. (*State of Kansas v. Anderson,* supra.) The city of Emporia is a necessary party in an action to enjoin the county clerk and the county treasurer from col-

48—95 KAN.

lecting an improvement tax levied by the city. (*Gilmore v. Fox,* supra.) A school district is a necessary party in an action to enjoin a county treasurer from collecting a tax levied to pay interest on certain bonds of the district and to create a sinking fund for the payment of the bond (*Hays, Treasurer, v. Hill,* supra), or to enjoin the collection of school taxes (*Voss v. School District,* supra), or to enjoin the collection of a library tax (*A. T. & S. F. Rld. Co. v. Wilhelm, Treas.,* supra). In an action to enjoin the collection of a tax levied to pay interest on refunding county bonds, the holders of the bonds are the real parties in interest and are proper parties. (*Carpenter, Treas., v. Hindman,* supra.) An action to enjoin the collection of a tax levied to pay interest on city bonds and to have the bonds declared null and void, can not be maintained without making the bondholders parties. (*City of Anthony v. The State, ex rel.,* supra.) The board of county commissioners is a necessary party in an action to enjoin the collection of a tax warrant (*Jeffries-BaSom v. Nation,* supra) ; and in an action to enjoin the collection of taxes due the county or the political subdivisions of which the county is the representative in matters of tax collection (*Shearer v. Murphy,* supra). The holder of a claim assumed by the state under chapter 180 of the Laws of 1887 (see Gen. Stat. 1909, § 8699*b*) is a necessary party in an action to enjoin the state auditor from issuing a certificate of indebtedness to the holder under that act. (*McCarthy v. Marsh,* supra.) The board of railroad commissioners granted to one railroad the right to cross two other railroads. The two railroads afterwards made an application for a rehearing by the board. The first road sought to enjoin the board from rehearing the matter. It was held that the roads desiring the rehearing were necessary parties. (*U. T. Rld. Co. v. Rld. Comm'rs,* supra.)

The above are illustrations of the principle relied on by the defendant in this action. Does this principle ap-

ply in the present case? What legal right has the judgment creditor in the real property levied on, that will be directly affected by this action? He does not own the land or any part thereof, nor have any interest therein or any lien thereon, nor has he any right, under the petition, to have execution levied on this land.

When the defendant levied the execution in his hands on the property of a third person, he became liable to the owner of the property in such action as might be brought to protect that owner's rights. (*Cook v. Higgins*, 66 Kan. 762, 71 Pac. 259. See, also, 35 Cyc. 1652.)

"In an action against a sheriff for the recovery of property taken under an execution and replevied by the plaintiff in such action, the sheriff is not only the actual but the real party defendant where the judgment-creditor makes no application to be made defendant and is not substituted as the defendant." (*Hoisington, Sheriff, v. Brakey*, 31 Kan. 560, syl. ¶ 1, 3 Pac. 353. See, also, *Frankhouser v. Cannon*, 50 Kan. 621, 622, 32 Pac. 379, and *McDowell v. Gibson*, 58 Kan. 607, 610, 50 Pac. 870.)

"In a suit against a sheriff to enjoin him, as such officer, from selling real estate upon which he has levied an execution issued on a money judgment, the judgment creditor is a proper, but not a necessary, party defendant. The sheriff, in such a case, may make all defenses which he and the judgment creditor could make, either jointly or severally." (*Barnett v. Schad*, 73 Kan. 414, syl. ¶ 2, 85 Pac. 411, 91 Pac. 539. See, also, *McGill v. Sutton*, 67 Kan. 234, 72 Pac. 853.)

Incidentally, we may say that by demurrer is not the proper way to present a defect of parties under the code of civil procedure as it now stands. That is not one of the reasons for which a demurrer may be filed. (Civ. Code, § 93.)

(2) The defendant next contends that an injunction ought not to be allowed where the party has a plain and adequate remedy by the ordinary course of procedure, and cites *Shelden v. Motter*, decided by the

court of appeals of this state, and published in 53 Pac. 89, where that court said:

"Our supreme court has frequently said that an injunction ought not to be allowed where the party has a plain and adequate remedy by the ordinary course of procedure. If the order of sale was issued without authority of law, the district judge had abundant authority to direct that the writ be quashed. The district court had perfect control of the order of sale issued by it. If the facts upon the hearing required the court to quash the writ, and it refused, a proceeding in error afforded an adequate remedy for the plaintiff. So that, measured by the former adjudications of the supreme court, the court rightfully refused the injunction for this reason." (p. 90.)

In *Shelden v. Motter* the action was to enjoin the sheriff from selling under an order of sale, while in the case at bar the action is to enjoin the sheriff from selling under an execution. There is a difference between the writs. One orders the sale of specific property; the other authorizes, first, the sale of goods and chattels, and second, of lands and tenements. This court, in *Gale v. Sleeper,* 70 Kan. 806, 79 Pac. 648, said:

"The privilege of one whose real property is levied upon under an execution against another to make a motion in the case in which the execution was issued to release the property from such levy does not afford him such an adequate remedy at law as to cut off any right he would otherwise have to maintain injunction against the sale of the property." (Syl.)

In this state actions have been maintained to enjoin the sale of property under executions, where the property levied on was not subject to sale to satisfy the judgments on which the executions were issued. (*Plumb v. Bay,* 18 Kan. 415; *Allen v. Dodson, Sheriff,* 39 Kan. 220, 17 Pac. 667; *Ryan v. Parris,* 48 Kan. 765, 30 Pac. 172; *Bowling v. Garrett,* 49 Kan. 504, 523, 31 Pac. 135; *Ard v. Pratt,* 61 Kan. 775, 60 Pac. 1048; *McGill v. Sutton,* 67 Kan. 234, 72 Pac. 853; *Overton v. Warner,* 68 Kan. 96, 98, 74 Pac. 651; *Gale v. Sleeper,*

supra; *O'Neil v. Eppler*, 90 Kan. 314, 133 Pac. 705;
*King v. Wilson*, ante, p. 390, 148 Pac. 752.)    This does
not dispose of the case.   In *Stark v. Chitwood*, 5 Kan.
141, this court said:

"When a levy is made upon real estate, and it ap-
pears that the owner thereof is not a party to nor
interested in the judgment in pursuance of or under
which such levy is so made, such levy casts no cloud
upon the title of such owner."   (Syl. ¶ 3.)

*Stark v. Chitwood* was an action to recover damages
for slander of title.   The court did not say that an
injunction could not be prosecuted or that an action to
quiet title could not be maintained.   But in *Douglass
v. Nuzum*, 16 Kan. 515, an action to quiet title, this
court said:

"Would equity interfere upon the mere allegation
that defendant had an adverse claim, investigate its
nature, and determine as to its sufficiency?   Clearly
not.    Only when it appeared that there was a cloud
upon the title, would the chancellor act.    If the ad-
verse claim was based upon proceedings of record,
void upon the face, and such as by no lapse of time or
change of condition could become otherwise than thus
void, there was no cause for equitable interference.
There must be something to 'cast doubt or suspicion
upon the title, or seriously embarrass the owner, either
in maintaining his rights, or in disposing of his prop-
erty.'   A deed from one who has no shadow of title
casts no cloud."   (p. 519.)

These declarations of this court are supported by
numerous decisions from other states, but there are
many to the contrary.   Without attempting to say what
is a cloud on title, or whether or not an action will lie
to quiet title as to one holding under a sheriff's deed,
which conveyed no title as against the owner of prop-
erty, can this action be maintained under the circum-
stances disclosed in the plaintiff's petition?   17 Cyc.
1174 and most of the authorities there cited say no, but
some say it can be done.

In *Bishop v. Moorman et al.*, 98 Ind. 1, 49 Am. Rep. 731, the supreme court of Indiana said:

"It is perfectly clear that the appellant's land can not be sold to pay somebody else's debt, but it does not follow from this that he has no right to enjoin the sheriff from selling his land.   There can be but little, if indeed any, doubt at all, that under our decisions a case is made for an injunction, for they uniformly hold that a land-owner may restrain an officer from doing, under color of official authority, an act that may injure the marketable value of his title by clouding it.   .   .   . The sale of land under color of judicial process is more than a mere fugitive trespass; it is the assertion of a permanent right to the land and a full denial of the owner's title, and the rule is, that where there is an assertion of a permanent right to land the owner may maintain injunction if the right asserted is unfounded. .   .   .   An assertion of a right to seize land, when made under color of official authority, clouds title, and it has always been a well recognized equity doctrine that injunction will lie to prevent clouds from being cast upon an owner's title.   It is true that there are decisions of other courts holding that where the act, though done under color of authority, is void, no cloud is created, and, therefore, injunction will not lie; but the theory of our cases has always been that a void act, when done under apparent legal authority, does cloud title.   This rule is supported by weighty authority, and is a reasonable one.   It can not be doubted that a man's title is, as to its marketable value, injured by the deed of a sheriff conveying it to some one else, and a man having a title is entitled to it in all its vigor and value.   No reason in law or morals can be found that will justly support the position of one who resists an injunction, where he concedes he is acting under color of authority, but in fact has none, and is using that authority to seize and sell without right, or the semblance of justification, the land of another.   No one, we suppose, doubts that a property owner may quiet his title against an apparent claim, though it be never so empty, and if he may do this, surely he may by injunction prevent that apparent claim from clouding his title, without delaying until it has assumed that shape."   (pp. 2, 3.)

Among the authorities supporting the Indiana supreme court, besides other decisions from that court, are: *Bell v. Murray,* 13 Colo. App. 217, 57 Pac. 488; *Irwin v. Beggs,* 24 Colo. App. 158, 132 Pac. 385; *The Key City Gas Light Co. v. Munsell,* 19 Iowa, 305; *Moore v. Kleppish,* 104 Iowa, 319, 73 N. W. 830; *Gay v. Chambers,* 37 Pa. Superior Ct. 41; *Pettit v. Shepherd,* 5 Paige (N. Y.) 493, 28 Am. Dec. 437, and Note; *Carrel v. Meek,* 155 Mo. App. 337, 340, 137 S. W. 19, and other decisions from that court; *Cline Piano Co. v. Sherwood,* 57 Wash. 239, 106 Pac. 742.

One of the leading law writers, criticizing the doctrine that an injunction will not lie where the instrument or proceeding complained of is void on its face, says:

"While this doctrine may be settled by the weight of authority, I must express the opinion that it often operates to produce a denial of justice. It leads to the strange scene, almost daily in the courts, of defendants urging that the instruments under which they claim *are void, and therefore that they ought to be permitted to stand unmolested,* and of judges deciding that the court can not interfere, *because the deed or other instrument is void,* while from a business point of view every intelligent person knows that the instrument is a serious injury to the plaintiff's title, greatly depreciating its market value, and the judge himself who repeats the rule would neither buy the property while thus affected nor loan a dollar upon its security. This doctrine is, in truth, based upon mere verbal logic, rather than upon considerations of justice and expediency." (4 Pomeroy's Equity Jurisprudence, 3d ed., § 1399. See, also, Notes, 62 Am. Dec. 523, and 30 L. R. A. 107-112.)

There are numerous other authorities holding that to prevent a cloud upon the title, equity will sometimes enjoin a sale of lands on execution. (17 Cyc. 1173; 5 R. C. L. 662; 16 A. & E. Encycl. of L. 408.)

This court, in *Douglass v. Nuzum,* 16 Kan. 515, quoting from *Ward v. Dewey,* 16 N. Y. 519, 522, said:

" 'The rule is well settled that when a defect appears

upon the face of the record through which the opposite party can alone claim title, there is not such a cloud upon the title as to call for the exercise of the equitable powers of the court to remove it. . . . But when such claim appears to be valid upon the face of the record, and the defect can only be made to appear by extrinsic evidence, particularly if that evidence depends upon oral testimony to establish it, it presents a case for invoking the aid of a court of equity to remove it as a cloud upon the title.' " (p. 519.)

In that case it might have been properly added, "or to prevent that which would be a cloud on the title."

"Would the owner of the property, in an action of ejectment brought by the adverse party, founded upon the deed, be required to offer evidence to defeat a recovery? If such proof would be necessary, the cloud would exist; if the proof would be unnecessary, no shade would be cast by the presence of the deed." (6 A. & E. Encycl. of L. 150.)

(See, also, Notes, 28 Am. St. Rep. 33; 45 Am. St. Rep. 373; 51 Am. St. Rep. 23; 64 Am. St. Rep. 305.)

If the levy of the execution in this case proceeds to sale and a sheriff's deed is executed and the grantee therein brings an action in ejectment, and traces title to the judgment debtor, then the plaintiff in this case must introduce evidence to show title in himself. The sheriff's deed would then be a cloud on the plaintiff's title. He would have a right to an action to quiet his title under *Douglass v. Nuzum*, supra, and it necessarily follows that he would have a right to an injunction to prevent the sale being made.

If the plaintiff's petition does not state a cause of action, it is because he can not maintain the action for the reason that the sheriff's deed would not be a cloud on the plaintiff's title, and for the same reason he could not maintain an action to quiet title against that deed. He must wait until an ejectment action is commenced against him. In the meantime, he can not advantageously sell or mortgage the property. He

must wait until his adversary attacks him or until the statute of limitations has run against the ejectment action. This is not good sense. It is not good reason. It is not the law in this state. The petition states a cause of action.

The judgment is affirmed.