No. 27,705.

LAURA BUCKWALTER, *Appellant*, v. SYL DUNCAN et al., *Appellees*.

(267 Pac. 962.)

Opinion filed June 9, 1928.

*Laura Buckwalter, pro se.*

*A. V. Roberts, Vincent F. Hiebsch* and *Roger P. Almond,* all of Wichita, for appellee City of Wichita.

The opinion of the court was delivered by

BURCH, J.: The action was one by a taxpayer to enjoin as illegal a special assessment for the construction of a sewer in a sewer district of the city of Wichita. The city, by demurrer and then by answer, asserted the action was not commenced in time. The court decided the case on its merits against plaintiff, and she appeals.

The amount due on each lot subject to assessment for construction of the sewer was ascertained and apportioned by ordinance published on June 4, 1924. The petition was filed on June 28, 1924. The parties defendant were the board of county commissioners, the county clerk, the county treasurer, contractors who constructed the sewer, and a certain newspaper publisher. Service was promptly made on the defendants, except the city. The city was served with summons on August 12, 1924. The statute reads as follows:

"No suit nor action of any kind shall be maintained in any court to set aside or in any way contest or enjoin the levy of any special assessment for constructing or repairing any sidewalk, pavement, sewer or any other public improvement after the expiration of thirty days from the time the amount due on each lot or piece of ground liable for such assessment is ascertained." (R. S. 13-906.)

The city was not a subdivision of the county, the board of county commissioners was not the agent or the legal representative of the city in any matter connected with the assessment or collection of this tax, the county had no interest in the tax, and the county commissioners were neither necessary nor proper parties to the action. There was no pleading nor proof that the contractors who constructed the sewer had any interest in the tax, and they were improperly joined. There was no pleading nor proof that any notice relating to the tax was about to be published or likely to be published by the newspaper publisher, or that he was in any way interested in the tax. In no event could the validity of the tax be adjudicated in an action against one or all of these parties.

The county clerk and the county treasurer were nominal parties. (*Gilmore v. Fox*, 10 Kan. 509, 511; *Jeffries-BaSom v. Nation*, 63 Kan. 247, 65 Pac. 226.) If the term "nominal parties" be inaccurate (*Shearer v. Murphy*, 63 Kan. 537, 541, 66 Pac. 240), they were mere cogs of the tax-collecting machinery, and validity of the tax could not be adjudicated in an action against them. The city was the real party in interest, an indispensable party, and unless the city were before the court no judgment respecting the validity or invalidity of the tax could be of operative effect. (See *Yount v. Hoover*, 95 Kan. 752, 149 Pac. 408, and cases collated in the opinion.)

Since no injunction could be granted at all unless it were granted against the city it was necessary the action be commenced against the city within the period allowed for contesting validity of the tax with the city. The action was commenced against the city August

12, the date the summons served on it was issued. The ordinance was published June 4. The judgment denying the injunction should have been based on the ground the action could not be maintained because not effectively commenced within thirty days after the ordinance was published.

Inasmuch as plaintiff was not entitled to injunctive relief, the judgment denying her such relief is affirmed.